UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STARR INDEMNITY & LIABILITY COMPANY,

                               Plaintiff,

    -against-

AMERICAN CLAIMS MANAGEMENT, INC.,

                              Defendant.

Case No. 13 Civ. 742

**ANSWER**

JURY TRIAL DEMANDED

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant American Claims Management, Inc. ("ACM"), by its attorneys Satterlee Stephens Burke & Burke, LLP, as and for its answer to the complaint of plaintiff Starr Indemnity & Liability Company ("Starr"), alleges as follows:

## AS TO THE PARTIES

1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint.

2.    Admits the allegations contained in paragraph 2 of the complaint.

## AS TO JURISDICTION AND VENUE

3.    With respect to the allegations contained in paragraph 3 of the complaint, ACM denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Starr and admits that ACM is a citizen of California and respectfully refers questions of law to the Court.

4.    With respect to the allegations contained in paragraph 4 of the complaint, ACM refers to Section XVII of the Claims Service Agreement for a true and accurate description

of its contents in proper context and refers all questions of law to the Court. ACM otherwise denies the allegations in paragraph 4 of the complaint.

## AS TO FACTS GIVING RISE TO A CAUSE OF ACTION

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint.

6. Admits the allegations contained in paragraph 6 of the complaint.

7. With respect to the allegations contained in paragraph 7 of the complaint, ACM refers to the agreement between Starr and Arrowhead General Insurance Agency, Inc. ("Arrowhead") for a true and accurate description of its contents in proper context and avers that ACM is an affiliate of Arrowhead. ACM otherwise denies the allegations in paragraph 7 of the complaint.

8. With respect to the allegations contained in paragraph 8 of the complaint, ACM refers to the agreement between Starr and Arrowhead General Insurance Agency, Inc. for a true and accurate description of its contents in proper context. ACM otherwise denies the allegations in paragraph 8 of the complaint.

9. Denies the allegations contained in paragraph 9 of the complaint and avers that the terms of "[n]on-standard" automobile or motorcycle insurance policies speak for themselves.

10. With respect to the allegations contained in paragraphs 10 and 11 of the complaint, ACM refers to the Claims Service Agreement for a true and accurate description in proper context of the services to be provided by ACM with respect to claims covered by the Agreement and to the referenced Michigan statutes for true and accurate descriptions of their

contents in proper context.  ACM otherwise denies the allegations in paragraphs 10 and 11 of the complaint.

11. With respect to the allegations contained in paragraphs 12 through 14, inclusive, of the complaint, ACM refers to the Claim Services Agreement for a true and accurate description of its contents in proper context.  ACM otherwise denies the allegations in paragraphs 12 through 14, inclusive, of the complaint.

12. Admits the allegations contained in paragraph 15 of the complaint to the extent that Starr has paid ACM certain fees pursuant to the Claims Service Agreement.

13. With respect to the allegations contained in paragraphs 16 through 20, inclusive, of the complaint, ACM refers to the Claims Service Agreement for a true and accurate description of its contents in proper context.  ACM otherwise denies the allegations in paragraph 16 of the complaint.

14. Denies the allegations contained in paragraph 21 of the complaint.

15. Denies the allegations contained in paragraphs 22 through 35, inclusive, of the complaint except avers that Starr purported to conduct certain audits of claims ACM serviced and to make certain unwarranted complaints about ACM's services.

16. Denies the allegations contained in paragraphs 36 through 38, inclusive, of the complaint.

17. Denies the allegations contained in paragraph 39 of the complaint except avers that plaintiff approved payments made in connection with the Mohammed claim.

18. Denies the allegations contained in paragraphs 40 and 41 of the complaint.

## AS TO COUNT I - BREACH OF CONTRACT

19. With respect to the allegations contained in paragraph 42 of the complaint, ACM repeats and realleges each and every response to the allegations contained in paragraphs 1 through 41, inclusive, of the complaint with the same force and effect as if fully set forth herein.

20. With respect to the allegations contained in paragraph 43 of the complaint, ACM refers to the Agreement for a true and accurate description of its contents in proper context.  ACM otherwise denies the allegations in paragraph 43 of the complaint.

21. Denies the allegations contained in paragraphs 44 through 49, inclusive, of the complaint.

## AS TO COUNT II - NEGLIGENCE AND/OR PROFESSIONAL NEGLIGENCE

22. With respect to the allegations contained in paragraph 50 of the complaint, ACM repeats and realleges each and every response to the allegations contained in paragraphs 1 through 49, inclusive, of the complaint with the same force and effect as if fully set forth herein.

23. With respect to the allegations contained in paragraphs 51 and 52 of the complaint, ACM refers to the Claims Service Agreement for a true and accurate description of its contents in proper context.  ACM otherwise denies the allegations in paragraphs 51 and 52 of the complaint.

24. Denies the allegations contained in paragraphs 53 and 54 of the complaint.

## AS TO COUNT III - BREACH OF WARRANTY

25. With respect to the allegations contained in paragraph 55 of the complaint, ACM repeats and realleges each and every response to the allegations contained in paragraphs 1 through 54, inclusive, of the complaint with the same force and effect as if fully set forth herein.

26. With respect to the allegations contained in paragraph 56 of the complaint, ACM refers to the Claims Service Agreement for a true and accurate description of its contents in proper context. ACM otherwise denies the allegations in paragraph 56 of the complaint.

27. Denies the allegations contained in paragraphs 57 through 59, inclusive, of the complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. The complaint fails to state a claim against ACM upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred by plaintiff's breaches of the Claims Service Agreement and plaintiff's own failure to comply with its obligations under the Claims Service Agreement.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3. Plaintiff approved ACM's servicing of claims about which plaintiff now complains.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

4. Any damages allegedly sustained by the plaintiff were caused by reason of plaintiff's or its agents' comparative negligence, fault, culpable conduct, and/or carelessness.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

5. Any damages allegedly sustained by plaintiff were caused by reason of the negligence, fault, culpable conduct and/or carelessness of some third person or persons not under the control of defendant ACM and for whom ACM had no responsibility.

1617730_2

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

6. Plaintiff failed to mitigate its alleged damages, which damages are denied.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

7. Plaintiff's alleged damages, which are denied, are offset and exceeded by amounts plaintiff owes to ACM pursuant to Section X(B) of the Claims Service Agreement.

WHEREFORE, defendant ACM demands judgment:

(i) dismissing plaintiff's claims against defendant ACM;

(ii) awarding defendant ACM its attorneys' fees and costs; and providing such other and further relief as the Court deems just and proper

Dated: New York, New York
April 11, 2013

SATTERLEE STEPHENS BURKE & BURKE LLP

By    /S/
　　Thomas J. Cahill
　　Justin Klein
230 Park Avenue
New York, New York  10169
(212) 818-9200
*Attorneys for Defendant American Claims Management, Inc.*

TO: Tamar Wise
COZEN O'CONNOR
45 Broadway
New York, New York  10006
(212) 509-9400
*Attorney for Plaintiff
Starr Indemnity & Liability Company*